**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CHARLES HOWARD,

    Plaintiffs,

v.

HAMILTON COUNTY JUSTICE CENTER, et. al,

    Defendants.

Case No. 1:19-cv-926

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).  For the reasons that follow, the undersigned recommends that the complaint be dismissed.

**I. General Screening Authority**

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which

clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion

couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. Analysis

### A. Allegations of Complaint

Plaintiff Howard's pro se complaint identifies three Defendants: (1) the Hamilton County Justice Center; (2) State Prosecutor's Office; and (3) City of Cincinnati Prosecutor's Office. Plaintiff seeks monetary relief in excess of $99 million dollars for alleged violations of Plaintiff's civil rights, including "wrongful arrest" and "wrongful incarceration," and an alleged violation of the prohibition against double jeopardy.

More specifically, the complaint alleges that Plaintiff was wrongfully arrested on November 1, 2018 when he appeared in state court before Judge Alan Triggs. He alleges that he was subsequently incarcerated from November 1 through November 6, 2018. Plaintiff alleges that his November 2018 arrest and detention were wrongful because the detention "applied to the same facts before Judge Cheryl Grant …on or around September 18, 2017 through December 28, 2017," concerning which a prior sentence of 180 days was imposed and served. (Doc. 1-1 at 6). Plaintiff's complaint does not identify the charge on which he was apparently convicted in 2017 or the charge on which he was arrested and detained in 2018.

**B. Dismissal Recommended**

    **1. Entities Not Subject to Suit**

The identified defendants include the State Prosecutor's Office, the Hamilton County Justice Center, and the City of Cincinnati Prosecutor's Office. However, a prosecutor's office is not an entity capable of being sued. *See, e.g., Schleiger v. Gratiot Cnty. Prosecutor's Office*, No. 4:11cv13380, 2011 WL 7006407, at *2 (E.D. Mich. Nov.30, 2011) (Report & Recommendation citing numerous cases holding that a county prosecutor's office is not an entity subject to suit under § 1983), adopted at 2012 WL 95757 (E.D.Mich. Jan.12, 2012). Likewise, the Hamilton County Justice Center is a building and therefore is not a person subject to suit. *Accord Aladimi v. Hamilton County Justice Center*, 2012 WL 292587 at *12 (S.D. Ohio Feb. 1, 2012); *see also Marbry v. Corr. Med. Servs.*, No. 99–6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (*per curiam*)); *Howell v. Hamilton Cty. Justice*, 2015 WL 2406082 at *3 (Report and Recommendation filed May 20, 2015) (finding county jail is not a "person" that can be sued under § 1983), adopted at 2015 WL 3852912 (S.D. Ohio June 22, 2015).

    **2. Absolute Prosecutorial Immunity**

Even if the two prosecutor's offices were subject to suit, they would be entitled to absolute immunity in this case. "[J]ust as judges have immunity from suit under 42 U.S.C. § 1983 for any actions taken in a judicial capacity, prosecutors have immunity for acts taken in their capacity as prosecutors." *Arega v. DeWine*, 2015 WL 3755954 at *2 (citing *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099 (1978) and *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984 (1976)). Therefore, any prosecutors involved in this matter

4

"have immunity for acts taken in their capacity as prosecutors." *Id.* (and cases cited therein); *see also Manetta v. Macomb County Enforcement Team,* 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler,* 424 U.S. at 430). "Absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *See Lomaz v. Hennosy,* 151 F.3d 493, 498 n. 7 (6th Cir. 1998) (internal quotation marks and citation omitted).

### 3. No Actionable Conduct

Regardless of whether Plaintiff intended to name John/Jane individuals or whether he intended to name only the referenced entities, he fails to identify any sufficiently specific conduct by any individual or any actions or policies that would amount to a constitutional violation. *See also generally, Hawk v. Richland Cnty. Jail,* No. 1:12–cv–326, 2012 WL 2742550, at *3 (N.D. Ohio July 9, 2012) (dismissing complaint against the county jail and sheriff's department).

### III. Conclusion and Recommendation

For the reasons explained above, **IT IS RECOMMENDED THAT** this case be **DISMISSED** based upon Plaintiff's failure to state any claim against any Defendant under 42 U.S.C. § 1983.

       *s/ Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CHARLES HOWARD,

    Plaintiffs,

v.

HAMILTON COUNTY JUSTICE CENTER, et. al,

    Defendants.

Case No. 1:19-cv-926

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).